Adam C. Anderson (Bar No. 024314)

ANDERSON BANTA CLARKSON PLLC

48 North Macdonald

Mesa, AZ 85201

480-272-5983

adam@abclawgroup.com

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION


| | |
|---|---|
| TINA GRAEVE, | |
| **Plaintiff,** | No. |
| v. | |
| ALDOUS & ASSOCIATES, PLLC., | **COMPLAINT & TRIAL** |
| | **BY JURY DEMAND** |
| **Defendant.** | |


NOW COMES the plaintiff, TINA GRAEVE, by and through her attorneys, Anderson Banta Clarkson PLLC, and for her Complaint against the defendant, ALDOUS & ASSOCIATES, PLLC., the plaintiff states as follows:

## I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

1

## II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and the EFTA 15 U.S.C §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4.     TINA GRAEVE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tucson, County of Pima, State of Arizona.

5.     As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C §1693a(b).

6.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Diamond Wireless (hereinafter, "the Debt").

7.     The debt that Plaintiff allegedly owed Diamond Wireless was for a cell phone contract which was for the personal use of Plaintiff and/or used for household expenditure.

8.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.     **ALDOUS & ASSOCIATES, PLLC., (hereinafter, "Defendant")** is a law firm engaged in the collection of debt within the State of Arizona.   Defendant is registered as a professional limited liability company in the State of Utah.

10.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

2

13.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

## COUNT I: TINA GRAEVE v. ALDOUS & ASSOCIATES, PLLC. FOR VIOLATIONS OF THE FDCPA

15.    On or about March 25, 2014, Defendant sent correspondence to Plaintiff in an effort to collect the Debt.

16.    Said correspondence advised Plaintiff that a service fee will be added to her balance if the debt is not resolved promptly.

17.    Said correspondence advised Plaintiff that Defendant may report information about the account to the credit bureaus.

18.    On or about April 5, 2014, Plaintiff contacted Defendant in an effort to set up a payment plan to pay off the debt and avoid the consequences mentioned in the aforesaid correspondence.  Plaintiff spoke with a person that identified himself as "Bob," a duly authorized representative of Defendant.

19.    Bob advised Plaintiff that money orders would not be accepted to make payments toward the Debt, and that the only way Plaintiff could make payments would be through an electronic form whereby automatic withdrawals would be made.

20.    Since Plaintiff did not want to give her private banking information, Bob advised Plaintiff that her only other option was to take out a pre-paid debit card so that Defendant can electronically take payments.

21.    Plaintiff obtained a Walmart MoneyCard in order to make payments on the account.

22.     On or about April 11, 2014, Plaintiff spoke with a duly authorized agent of Defendant who identified himself as "Casey" and offered to make payments to Defendant towards the debt on which Defendant was attempting to collect.

23.     By agreement, the aforementioned payments by Plaintiff to Defendant were to be made on April 11, 2014, and then two post dated payments dated to May 9, 2014, and May 23, 2014.

24.     Defendant accepted the postdated payments from Plaintiff.

25.     Defendant presented the postdated payments for deposit on May 12, 2014, and May 26, 2014.

26.     Defendant did not provide Plaintiff with written notification of its intent to deposit the aforementioned postdated payments.

27.     In the conversation on April 11, 2014, Defendant represented to Plaintiff that if she set up payments for the debt, and made all payments to satisfy the debt as agreed, Defendant would send Plaintiff a written correspondence stating that the debt was paid in full, so Plaintiff could have a record that the debt was satisfied.

28.     Despite several requests after making all payments, Defendant has failed and refused to send Plaintiff any written correspondence stating that the debt was paid in full.

29.      In its attempts to collect the debt allegedly owed by Plaintiff to Diamond Wireless, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

c.   Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2).

d.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: TINA GRAEVE v. ALDOUS & ASSOCIATES, PLLC. FOR VIOLATIONS OF THE EFTA

31.   In order to make payments toward the debt, Plaintiff opened a pre-paid debit card account with Walmart MoneyCard (hereinafter "Walmart").

32.   At all relevant times, the account held by Plaintiff at Walmart was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

33.   At all relevant times, the Walmart Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

34.   At all relevant times Walmart was a financial organization responsible for holding funds in an account belonging to Plaintiff.

35.   At all relevant times, Walmart was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

36.   At all relevant times, Defendant received funds from Plaintiff's Walmart Account, which were transferred to Defendant electronically.

37.   Defendant instructed Walmart, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's Walmart Account to Defendant.

5

38.     Defendant received funds from Plaintiff's Walmart Account.

39.     At all relevant times, the transfer of funds from Plaintiff's Walmart Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

40.     The transfer of funds from Plaintiff's Walmart Account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

41.     At all relevant times, the transfer of funds from Plaintiff's Walmart Account to Defendant were "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(10).

42.     Plaintiff provided Defendant with information relative to her Walmart Account so that Defendant could automatically withdraw payments from said account in accordance with the terms of the payment arrangement entered into between the parties.

43.     During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's Walmart Account to Defendant in accordance with the monthly payment terms agreed upon by the parties.

44.     At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's Walmart Account, Plaintiff had to provide Defendant with **written** consent to carry out the aforesaid transfer, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

45.     Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's Walmart Account to Defendant.

46.     Defendant has not obtained written authorization from Plaintiff to transfer funds from Plaintiff's Walmart Account to Defendant.

47.     Plaintiff has not provided Defendant with written authorization for Defendant to carry out any electronic fund transfers from Plaintiff's Walmart Account to Defendant.

6

48.     Plaintiff has not informed Defendant that she waived her right to provide Defendant with written authorization to execute the transfer of funds from Plaintiff's Walmart Account to Defendant.

49.     On or about April 15, 2014, Defendant, attempted to withdraw $150.00 from Plaintiff's Walmart Account.

50.     On or about April 15, 2014, Defendant withdrew $150.00 from Plaintiff's Walmart Account.

51.     On or about April 15, 2014, Defendant transferred to Defendant $150 in funds from Plaintiff's Walmart Account.

52.     On or about April 15, 2014, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's Walmart Account.

53.     On or about April 15, 2014, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiff's Walmart Account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

54.     On or about April 15, 2014, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's Walmart Account, Walmart had not obtained written authorization from Plaintiff to allow Defendant make the aforesaid transaction.

55.     At no time prior to April 15, 2014, did Defendant provide Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's Walmart Account to Defendant.

56.     The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

§1693e – Preauthorized Transfers

(a)  A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made…

57.     On or about April 15, 2014, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's Walmart Account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

58.     On or about April 15, 2014, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's Walmart Account without having first provided Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to carry out the aforesaid transaction.

59.     On May 12, 2014, and May 26, 2014, Defendant transferred funds from Plaintiff's Walmart Account to Defendant without obtaining a written authorization signed or similarly authenticated form from Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's Walmart Account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

60.     On May 12, 2014 and May 26, 2014, Defendant transferred funds from Plaintiff's Walmart Account to Defendant without providing Plaintiff a copy of a written authorization signed or similarly authenticated form by Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's ANBS account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

61.     Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages as set forth in the paragraphs above.

## V.     <u>JURY DEMAND</u>

62.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, TINA GRAEVE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00 under the FDCPA;

c.     Statutory damages of $1,000.00 under the EFTA;

8

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

Respectfully Submitted,

By:    s/ Adam C. Anderson

**Adam C. Anderson**

**Attorney for Plaintiff,**

**TINA GRAEVE**

**June 9, 2014**

**Adam C. Anderson (Bar No. 024314)**

**ANDERSON BANTA CLARKSON PLLC**

**48 North Macdonald**

**Mesa, AZ 85201**

**480-272-5983**

**adam@abclawgroup.com**

**Attorney for Plaintiff**